**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:17CR176-001 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN TENNEBAR , | ) | SENTENCING MEMORANDUM |
| | ) | ON BEHALF OF DEFENDANT |
| Defendant. | ) | |

In anticipation of the sentencing scheduled for October 18, 2017, Defendant Ryan

Tennebar, through counsel, respectfully submits the following Sentencing Memorandum, and

requests a sentence which is sufficient, but not greater than necessary, to serve the purposes of

federal sentencing under Title 18 U.S.C. § 3553(a).  Mr. Tennebar requests this Honorable Court

to consider that 1. he is 36 years old, 2. he has one prior misdemeanor from 2003, 3. his alcohol

and drug use played a significant part in his actions and 4. He has attached numerous letters

which attest to his good character.

Respectfully Submitted,

_____
JAMES J. MCDONNELL (0005802)
Attorney for Defendant
55 Public Square, Suite 2100

Cleveland, Ohio 44113
(216) 781-2125
jamesjmcdonnell@sbcglobal.net

I.      PROCEDURAL BACKGROUND

On May 9, 2017, the Defendant, Ryan Tennebar was named in a one count Indictment in the Northern District of Ohio. He was charged with Obstruction of Justice, 18 U.S.C .1512(c)(1) On July 5, 2017, the Defendant pled guilty to the Indictment by way of a written plea agreement. The defendant is currently awaiting sentencing, which is set for October 18, 2017 at 11:00AM in front of Judge John Adams.

II.    SENTENCING FACTORS

Title 18 U.S.C. § 3553(a) provides, in part, that district courts shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing.  These factors include:

(1) the nature and circumstances of the offense and the history and

    characteristics of the defendant;

(2) the need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the

        law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational

        training, medical care, or other correctional treatment in the

        most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

    (A) the applicable category of offense committed by the applicable

        category of defendant as set forth in the guidelines …;

(5) any pertinent policy statement … [issued by the Sentencing

    Commission];

(6) the need to avoid unwarranted sentence disparities among defendants
with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## III. SENTENCING COMPUTATION

A. <u>According to the Plea Agreement, the Base Offense Level Should be a 14</u>

Paragraph 14 of the Plea Agreement between Mr. Tennebar and the Government shows
that both parties agreed that a base offense level of 14 is the appropriate computation.  Plea
Agreement ¶ 14.  The Presentence Investigation Report ("PSR") correctly acknowledged this.
The PSR adds an additional three-point increase in the base offense level pursuant to USSG
2J1.2(b)(2). And then grants a three level reduction for acceptance of responsibility.

B. <u>Mr. Tennebar's Criminal history score is zero</u>

Mr. Tennebar argues that since he has zero (0) criminal history points, he is a first
offender.  Mr. Tennebar acknowledges that he was convicted of aggravated menacing in
2003, a misdemeanor. A sentencing court is empowered, under 18 USC 3553(a), to
impose a sentence that reflects a defendant's status as a true first offender.  The Sixth
Circuit has determined that '… because the defendant had zero points…she might
plausibly argue that even category I ---which applies when a defendant has zero or one
criminal history point(s)…overstated her criminal history to some degree.' United States
v. Dane, 533 F.3d 441 (6th Cir.2008).  Other circuit courts have uniformly recognized that
a defendant's complete lack of any criminal history can support a lower sentence.  United
States v. Paul, 561 F.3d 970 (9th Cir. 2009) (where a defendant convicted of
embezzlement and guidelines 10-16 months, court's within guideline sentence of 15

months is unreasonably high in part because the defendant was a first-time offender with

no criminal record whatsoever).

This is also supported by the Sentencing Commission's report "Recidivism and

the First Offender".  This report found that offenders with zero criminal history points are

less likely to recidivate than all other offenders.  Offenders with zero criminal history

points have lower recidivism rates than offenders with one or more criminal history

points.

IV.     APPLICATION OF THE SENTENCING FACTORS TO RYAN TENNEBAR

B.     The History and Characteristics of Ryan Tennebar

Mr. Tennebar is 36 years old and has one prior misdemeanor conviction from 2003.  The

defendant also has several letters which document some of the good things he has done in his

life. Paragraph 65 of the Presentence Investigation Report states the defendant indicated that he

has no substance abuse history.  In fact, the defendant does have a substance abuse problem and

this problem contributed to his actions.  Paragraph 65 then outlines the substance abuse actions

of Mr. Tennebar.  Mr. Tennebar would ask this Honorable Court the opportunity to participate in

the 500 hour drug program while he is incarcerated.

IV.     <u>CONCLUSION</u>

For the foregoing reasons, Mr. Tennebar respectfully requests that the Court impose a sentence of 15 months.  Such a sentence is sufficient, but not greater than necessary, to serve the purposes of sentencing in light of the factors set forth in Title 18 U.S.C. § 3553.

**CERTIFICATE OF SERVICE**

A copy of the foregoing Sentencing Memorandum has been electronically served upon Adam Hollingsworth, Assistant United States Attorney, 801 West Superior Avenue, Cleveland, Ohio 44113 on this day of _____ October, 2017.

__/jamesjmcdonnell
JAMES J. MCDONNELL (0005802)
Attorney for Defendant